Vinay V. Joshi (Calif. Bar No. 213487)
vjoshi@thepatentattorneys.com
Anthony S. Kim (Calif. Bar No. 225703)
akim@thepatentattorneys.com
Amin Turocy & Watson LLP
160 West Santa Clara Street
Suite 975
San Jose CA 95113
Telephone: (650) 618-6481
Facsimile:  (216) 696-8731

Counsel for Defendant
ASUS Computer International

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| JAMES B. GOODMAN,<br><br>        Plaintiff,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL,<br><br>        Defendant. | Case No. 3:17-cv-05542-JD<br><br>**DEFENDANT ASUS COMPUTER INTERNATIONAL'S ANSWER AND COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Judge: Hon. James Donato |

Defendant ASUS Computer International ("Asus") hereby files its Answer, Defenses, and Counterclaims to Plaintiff James B. Goodman's ("Goodman" or "Plaintiff") Complaint for Patent Infringement ("Complaint"), filed November 2, 2016.

## **ANSWER**

Each of the paragraphs below corresponds to the same-numbered paragraphs of the Complaint. Asus denies all allegations in the Complaint, whether express or implied, that are not specifically admitted below.

## PARTIES

1. Asus is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 1, and on that basis, denies them.

2. Asus admits that its principal place of business is at 800 Corporate Way, Fremont, CA 94539. Except as so admitted, Asus denies each and every remaining allegation of Paragraph 2.

## JURISIDICTION AND VENUE

3. Asus admits that this is an action for alleged patent infringement of United States Patent No. 6,243,315 ("the '315 patent") arising under Title 35 of the United States Code. Asus admits that this Court has subject matter jurisdiction over this action, and that venue is legally permissible. Asus denies it has committed or is committing any act of patent infringement, denies the legal sufficiency of Plaintiff's claims and allegations, denies that Plaintiff has any viable claim thereunder, and denies that Plaintiff is entitled to recover any damages or any form of relief. Except as so admitted, Asus denies each and every remaining allegation of Paragraph 3.

4. Asus admits that several of its products and services are sold or offered for sale in this District. Except as so admitted, Asus denies each and every remaining allegation in Paragraph 4.

5. Asus admits that it is subject to personal jurisdiction in this Court. Except as so admitted, Asus and denies each and every remaining allegation of Paragraph 5.

6. Asus admits that several of its products and services are sold or offered for sale in this District. Except as so admitted, Asus denies each and every remaining allegation in Paragraph 6.

7. Asus admits that it is subject to the Court's general jurisdiction. Except as so admitted, Asus denies each and every remaining allegation in Paragraph 7.

## BACKGROUND

8. Asus admits that several of its products and services are sold or offered for sale. Except as so admitted, Asus denies each and every remaining allegation in Paragraph 8.

9. Asus admits that several of its products incorporate memories. Asus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 9, and on that basis, denies them.

10. Asus is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10, and on that basis, denies them.

11. Asus is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11, and on that basis, denies them.

12. Asus is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 12, and on that basis, denies them.

13. Asus is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 13, and on that basis, denies them.

14. Asus is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 14, and on that basis, denies them.

15. Asus is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 15, and on that basis, denies them.

16. Asus is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 16, and on that basis, denies them.

17. Paragraph 17 states, in part, a legal conclusion, to which no response is required. Asus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 17, and on that basis, denies them.

18. Paragraph 18 states, in part, a legal conclusion, to which no response is required. Asus is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 18, and on that basis, denies them.

19. Paragraph 19 states a legal conclusion to which no response is required. To the extent a response is required, Asus denies each and every allegation of Paragraph 19.

20. Paragraph 20, states, in part, a legal conclusion, to which no response is required. Asus admits that several of its products incorporate memories. Asus is without knowledge or

3

information sufficient to form a belief as to the truth of the remaining allegations set forth in Paragraph 20, and on that basis, denies them.

21. Asus is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 21, and on that basis, denies them

## COUNT ONE
## (ALLGED DIRECT INFRNGEMENT OF U.S. PATENT NO. 6,243,315)

22. Asus restates and incorporates by reference Paragraphs 1-21 as if fully set forth herein.

23. Asus admits that the '315 patent was issued on or about June 5, 2001, with the title "Computer Memory System With A Low Power Down Mode". Asus admits that the face of the '315 patent identifies James B. Goodman as the sole inventor. Except as so admitted, Asus denies each and every remaining allegation of Paragraph 23.

24. Asus is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 24, and on that basis, denies them.

25. Denied.

26. Denied.

27. Denied.

## JURY DEMAND

28. The allegations contained in Plaintiff demand for jury trial are not factual allegations that call for a response from Asus.

## PRAYER FOR RELIEF

29. With regard to subparagraphs (a)-(e) of Plaintiff's prayer for relief, Asus responds that the Complaint is unfounded and the relief requested by Plaintiff should be denied in its entirety. Asus denies that Plaintiff is entitled to any of the relief sought in it Prayer for Relief, or any other relief.

4

## AFFIRMATIVE DEFENSES

Without admitting or acknowledging it bears the burden of proof as to any of them, Asus asserts the following affirmative defenses:

30. Asus restates and incorporates by reference Paragraphs 1-29 as if fully set forth herein.

31. The Complaint fails to state a claim upon which relief may be granted and/or fails to plead the allegations with sufficient particularity.

32. Asus has not individually or jointly, directly or indirectly, infringed, contributed to the infringement of, or induced the infringement of any valid claim of the '315 patent.

33. The asserted claims of the '315 patent are invalid and/or void because they are anticipated and/or rendered obvious by the prior art, or otherwise fail to comply with the requirements of 35 U.S.C. § 100 *et seq.*, including one or more of the following: 35 U.S.C. §§ 101, 102, 103, and 112.

34. Plaintiff's claims for damages, if any, are limited to the extent that the time limitation of 35 U.S.C. § 286 has expired, and to the extent that Goodman or his predecessors-in-interest have failed to mark its products, provide notice, or otherwise meet the requirements of 35 U.S.C. § 287.

35. Asus has engaged in all relevant activities in good faith, thereby precluding Plaintiff, even if he prevails, from recovering its reasonable attorneys' fees and/or costs under 35 U.S.C. § 285.

36. By reason of the prior art and/or statements and representations made to and by the United States Patent and Trademark Office during prosecution of the application that led to the issuance of the '315 patent and/or related patents, none of the claims of the '315 patent can be property construed as covering any activity of Asus.

37. Upon information and belief, Plaintiff's claims are barred in whole or in part by the equitable doctrines of laches, unclean hands, estoppel, implied license, waiver, acquiescence and/or other equitable doctrines.

38. Upon information and belief, Plaintiff's claims are barred in whole or in part in view of his license agreements with third parties, and/or by the doctrine of patent exhaustion.

39. Asus reserves all affirmative defenses available under Federal Rule of Civil Procedure 8(c), and any other defenses, at law or in equity, that may be available now or in the future based on discovery or any other factual investigation in this litigation.

## COUNTERCLAIMS

For its counterclaims against Plaintiff, Asus alleges as follows:

40. Asus restates and incorporates by reference Paragraph 1-39 as if fully set forth herein.

41. This is an action for Declaratory Relief for which this Court has jurisdiction under 28 U.S.C. §§ 1331, 1332, 1338, and 2201. Plaintiff has assented to personal jurisdiction and to venue in this District in view of his prosecution of this action in this District and Court.

42. Asus is a California corporation with a principal place of business at 800 Corporate Way, Fremont, California 94539.

43. Upon information and belief, Plaintiff James B. Goodman is an individual and resident of Texas.

44. By his Complaint, Plaintiff purports to assert claims against Asus for infringement of the '315 patent.

45. Asus contends that the asserted claims of the '315 patent are invalid and unenforceable against it.

46. An actual controversy has arisen and now exists between Asus and Plaintiff as to the non-infringement, invalidity, and/or unenforceability of the '315 patent.

### COUNT ONE – DECLARATION OF NON-INFRINGEMENT OF THE '315 PATENT

47. Asus restates and incorporates by reference Paragraphs 1-46 as if fully set forth herein.

48. Plaintiff claims that he owns the entire right, title, and interest in the '315 patent. Plaintiff claims that he has standing to bring this action for the alleged infringement of the '315 patent.

49. Plaintiff has alleged that Asus has infringed or is infringing the '315 patent.

50. Asus denies that any products sold, offered for sale, made, and/or used by Asus infringe any valid claim of the '315 patent.

51. Asus seeks and is entitled to a declaration that it does not directly or indirectly, individually or jointly, infringe, contribute to the infringement of, or induce the infringement of any valid claim of the '315 patent.

## **COUNT TWO – DECLARATION OF INVALIDITY OF THE '315 PATENT**

52. Asus restates and incorporates by reference Paragraphs 1-51 as if fully set forth herein.

53. Asus asserts that the claims of the '315 patent are invalid and/or unenforceable pursuant to one or more of the provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101 (lack of patentable subject matter), 102 (anticipation), 103 (obviousness), and/or 112 (indefiniteness, failure to satisfy the written description requirement and/or lack of enablement).

54. Asus is entitled to a declaration that the claims of the '315 patent are invalid and/or unenforceable pursuant to one or more provisions of Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and/or 112.

## **COUNT THREE – DECLARATION OF PATENT LICENSE AND/OR EXHAUSTION**

55. Asus restates and incorporates by reference Paragraphs 1-54 as if fully set forth herein.

56. Plaintiff has granted licenses under the '315 patent to certain companies (directly and/or through their affiliates or subsidiaries), including but not limited to Nanya Technology Corp.; SK hynix Inc. (f/k/a Hynix Semiconductor, Inc.); Micron Technology, Inc.; and Samsung Electronics Co., Ltd. (collectively, "Memory Vendors"). As a customer of the Memory Vendors,

7

Asus is a third-party beneficiary of Plaintiff's patent licenses to the Memory Vendors. Accordingly, to the extent Plaintiff's claims are directed to Asus products that incorporate memories from the Memory Vendors, those claims are foreclosed in whole or in part by licenses and/or patent exhaustion.

57. Asus is entitled to a declaration that Plaintiff's patent infringement claims with respect to the '315 patent are subject to license and/or are exhausted, to the extent that Plaintiff's claims are directed to products that include memories from the Memory Vendors.

## **ASUS'S DEMAND FOR JURY TRIAL**

Asus requests a trial by jury of all issues so triable in this Action.

## **ASUS'S PRAYER FOR RELIEF**

WHEREFORE, Asus prays for the following relief:

A. Judgment declaring that Asus has not individually or jointly, directly or indirectly, infringed, contributed to the infringement of, either literally or under the doctrine of equivalents, any valid claim of the '315 patent;

B. Judgment declaring that the '315 patent is invalid, void, and unenforceable;

C. Judgment declaring that Plaintiff's claims against Asus with respect to the '315 patent are subject to license and/or are exhausted, to the extent that Plaintiff's claims are directed to products that include memories from the Memory Vendors;

C. Denial of Plaintiff's request for judgment requiring Asus to pay Plaintiff's damages, costs, expenses, and pre-judgment and post-judgment interest;

D. Judgment that Plaintiff shall not be entitled to any injunctive relief, damages, enhanced damages, costs, expenses, attorneys' fees, pre-judgment interest, or post-judgment interest from Asus;

E. Judgment that Asus shall take nothing by this action; and

F. Judgment and order awarding the costs of suit, attorneys' fees, and any other relief this Court deems just and proper to Asus.

Dated: December 28, 2017

/s/ Vinay V. Joshi
Vinay V. Joshi
vjoshi@thepatentattorneys.com
Anthony S. Kim
akim@thepatentattorneys.com
Amin Turocy & Watson LLP
160 West Santa Clara Street
Suite 975
San Jose CA 95113
Telephone: (650) 618-6481
Facsimile: (216) 696-8731

***Attorneys for Defendant
ASUS Computer International***

## **CERTIFICATE OF SERVICE**

I hereby certify that counsel of record who are deemed to have consented to electronic service are being served on this 28th day of December, 2017, with a copy of this email via the Court's CM/ECF system per Local Rule CV-5-1(h)(1).

                                        */s/ Vinay V. Joshi*
                                        Vinay V. Joshi